UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
FEB - 5 2007

| | | |
|---|---|---|
| ROBERT BELT, | * | CIV. 05-4022 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| MICHELLE BOYD, Warden, Minnehaha County Jail; HELEN KELLEN; JUNE ODENS; LT. DEVLIN; SGT. ARNTZ; C.O. CARLSON; RANDY DERADD, Med. Staff; all in their official and individual capacities, | * | |
| Defendants. | * | |

Plaintiff filed a Motion for Relief from Judgment Pursuant to Fed. R. Civ. Pro. 60(B), Doc. 88. Defendants opposed the motion and Plaintiff submitted replies to their briefs. Plaintiff claims the Court lacked subject matter jurisdiction in this action because his claims were for violations of the South Dakota Constitution rather than the United States Constitution and that he mistakenly filed this action in federal court rather than state court.

Defendants claim Plaintiff's motion is untimely because his claim amounts to a claim that the Court inadvertently acted without subject matter jurisdiction and he did not file the motion within thirty days of the entry of the September 8, 2006 Judgment in favor of Defendants. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000) (holding that "'a Rule 60(b) motion alleging judicial inadvertence [must] be made within the time period allowed for appeal,' that is thirty days from the entry of judgment.") (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)).

Because the motion is easily resolved on the merits, the Court will not rule on the timeliness of the motion.

Plaintiff claimed in this action that the Defendants were deliberately indifferent to his serious medical needs regarding the dispensing of pain medications for dental pain he was experiencing while an inmate in the Minnehaha County Jail and that this amounted to "cruel and unusual punishment." (Complaint, Doc. 1, p. 3.) After holding an evidentiary hearing at which Plaintiff personally appeared and represented himself, the Court ruled on the merits of the claims in his complaint and held the Defendants were not deliberately indifferent to his serious medical needs and their actions did not amount to cruel and unusual punishment in violation of the Eighth Amendment. While Plaintiff did not cite the United States Constitution in his complaint, the Court reasonably construed his reference to "cruel and unusual punishment" to be a reference to the Eighth Amendment. Also, Defendants referred to violations of the United States Constitution in filing their Motion for Summary Judgment. Plaintiff did not respond to Defendants' motions or object to his claims being considered violations of the United States Constitution. Moreover, Plaintiff was well aware this action was filed in federal court because he was present at an evidentiary hearing on July 31, 2006. The evidentiary hearing was held before this Court and Plaintiff was aware this is a federal, rather than a state, court because he was sentenced by this Court in a federal criminal case on August 16, 2005. *See United States v. Belt*, CR 04-40126-02 (D.S.D.). Plaintiff did not object to the Court hearing this action, or indicate the complaint was filed in the wrong court, during the evidentiary hearing or at any time prior to the entry of Judgment in favor of Defendants on the merits of Plaintiff's claims in this action. The Court had subject matter jurisdiction over Plaintiff's claims that the Defendants violated his constitutional rights. *See* 28 U.S.C. §1331 (the federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."). Plaintiff is not entitled to relief from the Judgment filed in this action under Rule 60(b) of the Federal Rules of Civil Procedure and his motion will be denied. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment, Doc. 88, is denied.

Dated this 4th day of February, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: Sharon Force , Deputy
(SEAL)

3