UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAR 16 2007
CLERK

* * *

| | | |
|---|---|---|
| ROBERT BELT, | * | CIV. 05-4022 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| MICHELLE BOYD, Warden, Minnehaha County Jail; HELEN KELLEN; JUNE ODENS; LT. DEVLIN; SGT. ARNTZ; C.O. CARLSON; RANDY DERAAD, Med. Staff; all in their official and individual capacities, | * | |
| Defendants. | * | |

* * *

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis on Appeal, Doc. 97. A Notice of Appeal was filed on February 14, 2007. For the reasons set forth below, Plaintiff will be allowed to proceed in forma pauperis on appeal, but the motion will be denied as moot because it was not necessary for Plaintiff to make such a motion as he was granted in forma pauperis status by this Court to pursue the claims in this action.

Determining In Forma Pauperis Status

Federal Rule of Appellate Procedure 24(a)(3) provides:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A)   the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

(B) a statute provides otherwise.

Because Plaintiff was granted in forma pauperis status and no certification that the appeal would not be taken in good faith has been issued, Plaintiff may appeal in forma pauperis without further authorization. His motion to proceed in forma pauperis on appeal will, therefore, be denied as moot.

Assessing Appellate Filing and Docketing Fees

It satisfactorily appears from the prison records that the average monthly deposits to Plaintiff's prisoner trust account for the past six months was $167.65, and that his average monthly balance for the past six months was $41.84. The current balance of Plaintiff's prison account is $81.80. Accordingly, the Court finds that Plaintiff is required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), to make an initial partial filing fee of $33.53 ($167.65 x 20%).

Collecting Appellate Filing and Docketing Fees

Plaintiff is responsible for payment of the entire $455 appellate docketing and filing fee.

> When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Thus, prisoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full.

*Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997). Therefore, the institution having custody of the Plaintiff is hereby directed that whenever the amount in Plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the Plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion to Proceed In Forma Pauperis on Appeal, Doc. 97, is denied as moot. Plaintiff is allowed, however, to proceed in forma pauperis on appeal pursuant to Fed.R.Civ.P. 24(a)(3).

2. That, on or before April 20, 2007, Plaintiff shall make an initial partial fee

2

payment to the U.S. District Clerk of Court for appellate docketing and filing fees in the amount of $33.53.

3. That the institution having custody of the Plaintiff is hereby directed that whenever the amount in Plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the Plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this 16th day of March, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: Shelly Margulies , Deputy

3