UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAY 15 2007



CLERK

\* \*\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROBERT BELT, | \* | CIV. 05-4022 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| vs. | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| MICHELLE BOYD, Warden, Minnehaha | \* | |
| County Jail; HELEN KELLEN; JUNE | \* | |
| ODENS; LT. DEVLIN; SGT. ARNTZ; | \* | |
| C.O. CARLSON; RANDY DERAAD, Med. | \* | |
| Staff; all in their official and individual | \* | |
| capacities, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

After Plaintiff filed a Notice of Appeal on February 14, 2007, the Court entered an Order providing that Plaintiff will be allowed to proceed in forma pauperis on appeal, but that his Motion to Proceed In Forma Pauperis was denied as moot because it was not necessary for Plaintiff to make such a motion as he was granted in forma pauperis status by this Court to pursue the claims in this action. The Court further explained that Plaintiff is responsible for payment of the entire $455 appellate docketing and filing fee.

> When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Thus, prisoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full.

*Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997). Therefore, the institution having custody of the Plaintiff was directed that whenever the amount in Plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the Plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. §

1915(b)(2), until the filing fee is paid in full.

Plaintiff then sent a document for filing entitled Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. Pro. 59(e) and/or Motion to Dismiss Appeal, Doc. 105. Plaintiff wants to dismiss his appeal if he will be required to pay the entire $455 appellate docketing and filing fee. The Eighth Circuit has held, however, that the Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). Thus, Plaintiff will be required to pay the $455 fee for filing the appeal even if the appeal is dismissed. Plaintiff's motion will be denied because the motion indicates he wants to dismiss the appeal only if he can avoid paying the filing fee. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. Pro. 59(e) and/or Motion to Dismiss Appeal, Doc. 105, is denied.

Dated this ___15th___ day of May, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy

2